PAULINE HANDSHOE, Plaintiff, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF UNITED STATES, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, December 11, 1934.

*Hyman J. Goldberg,* for the plaintiff.

*Alexander & Green* [*John M. Preston* of counsel], for the defendant.

PARELLA, J.   This is an action brought by the plaintiff, as assignee, to recover the sum of seventy-two dollars and fifty-six cents, which represents renewal commissions due from the defendant on two policies of life insurance issued by it to one Morris Rosentover in 1926, which application was solicited by the plaintiff's assignor.

Defendant and one Sam Handshoe, plaintiff's assignor, entered into a written contract on June 6, 1925, whereby said Sam Handshoe was employed as an agent by the defendant to canvass for applications for insurance in the defendant company.   The agent was to be allowed first year commissions and then certain renewal commissions on premiums paid from the second to the tenth year.

During the years from 1926 to 1933 the insured paid semi-annual premiums on both policies, and renewal commissions were paid by the defendant on said premiums.

The policies in question contained certain disability features, viz., if the insured were to become totally and permanently disabled, and were to file a claim with the company, and if said claim were allowed or recognized by the defendant company, then the insured would receive payment of a specific sum each month and the waiver of payment on any premiums falling due under the policies during the continuance of the disability of the insured.

The insured in the latter part of 1932 filed a claim for disability benefits with the defendant company, which claim was recognized and approved.

The semi-annual premiums due on both policies on February 19, 1933, and August 19, 1933, respectively, were waived by the said defendant company.

The plaintiff herein relied upon the written contract between her assignor and the defendant company.

The defendant concedes that the amount of the renewal commissions, seventy-two dollars and fifty-six cents, is correct, but contends that the plaintiff is not entitled to recover said renewal commissions on the premiums where the payment of the premiums is waived by it.

Among many things, the contract between plaintiff's assignor and the defendant company, entered into on June 6, 1925, provides, as appears on the first page of the contract, as follows: " 3. The agent shall be allowed the following commissions on premiums as paid in cash to the Society, on policies issued under this contract."

In considering this provision it is plaintiff's contention that where an insured presents a claim for disability benefits, which

benefits include the waiver of the payments of premiums by the insured during the continuance of disability, and such claim is approved by the defendant company, the agent's right to renewal commissions on premiums thus waived is not effected thereby. The defendant, however, contends that the agent is not entitled to renewal commissions where the payment of premiums is waived by the defendant company under the disability features of the policy in that no cash was paid to the society.

It is conceded that the defendant company maintained a general account and a disability reserve account, and that premiums waived by said company were made up from the disability reserve account to the general account of the said defendant company.

Upon the foregoing facts I find that the agency contract as heretofore mentioned does not provide specifically that the premium payment must be made by the policyholder. I further find that it is not disputed that the general account of the company received payment of the 1933 premiums from the disability reserve account, on which premiums the plaintiff is now asking renewal commissions even though payment was waived to the policyholder. I further find that nowhere in the agency contract does it affirmatively appear that the agent is not to receive renewal commissions on premiums waived because of disability.

Accordingly, by reason of all of the foregoing, I direct judgment after trial and on the merits in favor of the plaintiff, Pauline Handshoe, in the sum of seventy-two dollars and fifty-six cents, together with accrued interest thereon. Five days' stay of execution.